1  **WO**

2  NOT FOR PUBLICATION

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Kimberly Tara Cockerham,              )   No. CV-09-2322-PHX-GMS
                                         )
10          Plaintiff,                   )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Carrey Snyder Hyatt, individually and in )
13  her official capacity as Justice of the )
    Superior Court of Maricopa County,   )
14                                       )
            Defendant.                   )
15                                       )
                                         )
16  _____ )

17      Pending before the Court is Defendant Carry Snyder Hyatt's ("Judge Hyatt") Motion

18  to Dismiss (Dkt. # 7). For the following reasons, the Court grants the Motion.

19      Plaintiff Kimberly Tara Cockerham ("Plaintiff") was a party before Judge Hyatt in

20  Maricopa County family court, during which Judge Hyatt issued rulings adverse to Plaintiff.

21  Plaintiff now brings this action under 42 U.S.C. § 1983 for violations of the First, Eighth, and

22  Fourteenth Amendments to the Constitution resulting from Judge Hyatt's orders and

23  courtroom demeanor. Judge Hyatt moved to dismiss based on, among other grounds, judicial

24  immunity.

25      To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil

26  Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right

27  to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

28  The task in a motion to dismiss "is to evaluate whether the claims alleged can be [plausibly]

asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When analyzing a Rule 12(b)(6) motion, all plausible "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

A judge who is sued under Section 1983 has absolute immunity from suit for actions taken in her official capacity. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922–23 (9th Cir. 916). A judge's immunity applies no matter how "erroneous the act may have been," regardless of how "injurious in its consequences it may have proved[,]" and notwithstanding "the motives with which . . . judicial acts are performed." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

In this case, Plaintiff alleges wrongdoing only in the context of a case heard before Judge Hyatt. Plaintiff makes no attempt to explain why any of Judge Hyatt's rulings or statements in courtroom proceedings were not within the court's subject matter jurisdiction. Judge Hyatt is therefore entitled to absolute judicial immunity, and dismissal is appropriate. Furthermore, because it appears that Plaintiff could not, in good faith, allege any facts to overcome judicial immunity, dismissal is with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 7) is **granted with prejudice**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court **terminate** this action.

DATED this 8th day of March, 2010.

G. Murray Snow
United States District Judge

- 2 -